IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANK VO,                                   §
                                            §
Plaintiff,                                  §
                                            §
V.                                          §        No. 3:24-cv-1624-BN
                                            §
ALLSTATE FIRE AND CASUALTY                  §
INSURANCE COMPANY,                          §
                                            §
Defendant.                                  §

**MEMORANDUM OPINION AND ORDER AND NOTICE OF DEFICIENCY
ON SUBJECT MATTER JURISDICTION**

Defendant Allstate Fire and Casualty Insurance Company removed this case under 28 U.S.C. § 1332(a) diversity jurisdiction. *See* Dkt. No. 1.

On further review of Defendant Allstate Fire and Casualty Insurance Company's Notice of Removal [Dkt. No. 1], the Court believes that Allstate's jurisdictional showing is lacking.

**Background**

Plaintiff Frank Vo filed this action in Texas state court. *See* Dkt. No. 1-5. He alleged in Plaintiff's Original Petition that, "Plaintiffs seek only monetary relief $250,000.00 or less, excluding interest, statutory, or punitive damages and penalties, and attorney's fees and costs." *Id.* at 2.

Allstate alleged in its Notice of Removal that "[t]his Court has diversity

-1-

jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court." Dkt. No. 1 at 3. It also states "[t]he Plaintiff's pleadings declare that Plaintiff is seeking damages of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00." *Id.*

And Allstate alleged that Vo "is a citizen of, and domiciled in, the state of Texas" and that "Defendant is a corporation organized, incorporated and registered in the state of Illinois and its principal place of business is in that state. Therefore, the parties are completely diverse." *Id.*

## Legal Standards and Analysis

### I.   General Requirements for Removal Based on Diversity Jurisdiction

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a); *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020), as revised (Dec. 30, 2020).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). And, "[w]hen a plaintiff files in state court a civil action over which the

federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' [28 U.S.C.] § 1441(b)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

But "removal under [28 U.S.C.] § 1441(b)(2) is permissible only if complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant, i.e., there must be what is known as complete diversity." *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (cleaned up). And "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (cleaned up).

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up). And, so, "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

"As the party seeking removal, [a removing defendant] bear[s] the burden of proving both" complete diversity and that the amount in controversy satisfies the jurisdictional minimum. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78,

85 (5th Cir. 2013).

But the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "When a requirement goes to subject matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented. Subject matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (cleaned up).

And Congress has dictated that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

Allstate has sufficiently alleged and established the complete diversity requirement but not, as the Court explains below, that the amount in controversy satisfies the jurisdictional minimum.

## II.    Framework to Determine Amount in Controversy on Removal

As to the amount-in-controversy requirement, "[t]here is a framework for resolving disputes over the amount in controversy." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022).

28 U.S.C. § 1332(a), "[t]he general diversity-jurisdiction statute, provides in

relevant part that '[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between ... citizens of different States.'" *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022) (quoting 28 U.S.C. § 1332(a); cleaned up).

"Section 1332 does not provide further guidance on how to determine the amount in controversy." *Id.* "But other statutory provisions do," including 28 U.S.C. § 1446(c)(2), which provides:

> (c) Requirements; removal based on diversity of citizenship.—
>       ...
>       (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>> (A)    the notice of removal may assert the amount in controversy if the initial pleading seeks—
>>> (i)    nonmonetary relief; or
>>> (ii)   a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>> (B)    removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

*Durbois*, 37 F.4th at 1056 (quoting 28 U.S.C. § 1446(c)(2)).

28 U.S.C. § 1446(c)(2) "thus sets a general rule that 'the sum demanded in

good faith in the initial pleading' is 'the amount in controversy.'" *Id.* (quoting 28 U.S.C. § 1446(c)(2))).

28 U.S.C. § 1446(c)(2)(A) "provides two exceptions to that general rule: (i) the plaintiff's operative state-court pleading at the time of removal seeks nonmonetary relief; or (ii) that pleading seeks a money judgment, and the State 'does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.'" *Id.* (quoting 28 U.S.C. § 1446(c)(2)(A)); *accord Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A) and explaining that, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so").

> If either exception is shown, then "the defendant's [plausible] amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (interpreting 28 U.S.C. § 1446(c)(2)(B)). When the defendant's allegation is questioned, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88, 135 S. Ct. 547.

*Durbois*, 37 F.4th at 1056 (cleaned up).

"Because plaintiffs in Texas are not limited to the amount demanded in their complaint, [28 U.S.C.] § 1446(c)(2)(A)(ii) permits a removing defendant to assert the amount in controversy in the notice of removal even if the 2013 amendments to the Texas rules changed the historical state prohibition on stating a specific sum demanded." *Medina v. Allstate Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591, 596-97

(W.D. Tex. 2020).

And, "[i]f the petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Guijarro*, 39 F.4th at 314 (cleaned up).

> The defendant can meet that burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.

*Id.* (cleaned up). The defendant may meet its burden by this second route if it "sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

"The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois*, 37 F.4th at 1057 (cleaned up).

And, because "[t]he jurisdictional facts that support removal must be judged at the time of the removal," the Court's task is to "determin[e] the amount in controversy at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880,

883 (5th Cir. 2000) (cleaned up).

"If the defendants can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs." *McCauley v. Kroger Co.*, No. 3:19-cv-2673-D, 2020 WL 208816, at *2 (N.D. Tex. Jan. 14, 2020) (citation omitted); *accord In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (explaining that "a plaintiff is required to establish legal certainty whenever the [removing] defendant has established by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount" (cleaned up)); *Torres v. Guardsmark, LLC*, No. 5:15-CV-184 RP, 2016 WL 11602002, at *3 (W.D. Tex. Aug. 3, 2016) ("Once the removing defendant has pointed to a specific amount sought in excess of $75,000, or carried its burden in the indeterminate amount context, a federal court cannot refuse removal jurisdiction unless the plaintiff can show that it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." (cleaned up)).

## III.  Framework to Resolve What Sum a Plaintiff Demanded in State Court

The first task in this analysis under 28 U.S.C. § 1446(c)(2) is to identify what, if any, "sum" a plaintiff has demanded in the initial pleading in state court.

As decisions of the United States Supreme Court and the United States Court

of Appeals for the Fifth Circuit have long recognized, "[i]f the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro*, 39 F.4th at 314 (cleaned up). Beginning in 1938, the governing law has provided that:

- "unless the law gives a different rule, <u>the sum claimed </u>by the plaintiff controls if the claim is apparently made in good faith," *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (cleaned up; emphasis added);
- "[t]he <u>amount stated</u> in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith," *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984; emphasis added);
- "[i]t has long been recognized that unless the law gives a different rule, <u>the sum claimed</u> by the plaintiff controls if the claim is apparently made in good faith," *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up; emphasis added);
- "[i]n *St. Paul Mercury Indemnity*, the Supreme Court delineated the general method for measuring the amount in controversy: '[U]nless the law gives a different rule, <u>the sum claimed</u> by the plaintiff controls if the claim is apparently made in good faith,'" *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury*, 303 U.S. at 288; emphasis added); and
- "[i]f the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

Courts have found that a sum is not demanded in good faith – and, so, "the deference typically afforded the plaintiff's pleading does not apply" – "when, in contravention of state law, a plaintiff specifically alleges that her damages will not exceed the jurisdictional amount" or otherwise "has purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction."

*Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-cv-1872-D, 2014 WL 4105965, at \*2 (N.D. Tex. Aug. 21, 2014) (cleaned up; citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995), as "noting that 'the face of the plaintiff's pleading will not control if made in bad faith,' and criticizing manipulative tactics by plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal")

But what if a plaintiff alleges in her state court pleading not a specific dollar amount in the form of a single number but rather, in compliance with state law, a range of dollar amounts in which she seeks to recover? Can that qualify as a "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," as 28 U.S.C. § 1446(c)(2) provides?

The answer to that question matters in Texas federal court because state court plaintiffs must comply with Texas Rule of Civil Procedure 47, which currently "provides in relevant part":

> An original pleading ... shall contain:
> (a) a short statement of the cause of action sufficient to give fair notice of the claim involved;
> (b) a statement that the damages sought are within the jurisdictional limits of the court;
> (c) except in suits governed by the Family Code, a statement that the party seeks:
>     (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;
>     (2) monetary relief of $250,000 or less and non-monetary relief;
>     (3) monetary relief over $250,000 but not more than $1,000,000;
>     (4) monetary relief over $1,000,000; or
>     (5) only non-monetary relief; and

(d) a demand for judgment for all the other relief to which the party deems himself entitled.

Relief in the alternative or of several different types may be demanded; provided, further, that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed. A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply.

*Durbois*, 37 F.4th at 1059 (quoting TEX. R. CIV. P. 47)

The Fifth Circuit has explained that, after Texas Rule of Civil Procedure 47 was amended in 2013, "Rule 47 permits the claiming of specific sums," and "[n]othing in the plain text of this Rule prevents a plaintiff from demanding damages up to but no higher than a stated amount." *Id.* at 1059-60.

But many plaintiffs in Texas state courts, fully complying with Rule 47, plead only that they seek relief in one of the categories listed in Texas Rule of Civil Procedure 47(c)(1)-(5).

The question often arises, then, whether pleading (1) "monetary relief of $250,000 or less," (2) "monetary relief over $250,000 but not more than $1,000,000," or (3) "monetary relief over $1,000,000" under Rule 47(c)(1)-(4) can be properly treated, under 28 U.S.C. § 1446(c)(2), as "the sum demanded in good faith in the initial pleading" and "be deemed to be the amount in controversy" that exceeds the jurisdictional amount and – without more (at least absent a post-removal challenge by the plaintiff) – supports removal based on 28 U.S.C. § 1332(a) diversity jurisdiction.

-11-

In analyzing when a removing defendant can establish the required amount in controversy based on what the plaintiff's state court pleading demanded, the Fifth Circuit has previously held and explained that:

- a removing defendant must otherwise prove the amount in controversy when a state court pleading "did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above" the jurisdictional amount, *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993) (emphasis added);

- "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000," *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (emphasis added);

- when a state court "plaintiff has alleged an indeterminate amount of damages" and "the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds*," De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (cleaned up; emphasis added);

- where "plaintiffs' state court petition averred that they were seeking no recovery in excess of $50,000," and, so, "strictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000," the Court of Appeals "treat[ed] the claim as one for a specific amount of damages" where the plaintiff had "labored to specify one 'magic' number in their complaint, i.e. $50,000," and the Court of Appeals "regard[ed] such a complaint as more like a claim for one sum rather than a claim for an unlimited or an unspecified amount of damages" because "to reason otherwise would put form over substance," *De Aguilar*, 47 F.3d at 1408 (cleaned up; emphasis added);

- the Court of Appeals has "applied different standards of proof depending upon whether the [state court] complaint alleges a dollar amount of damages," such that, "[w]here the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith" but, "where a plaintiff fails to specify the amount in controversy" and the state court "complaint does not allege a

<u>specific amount of damages</u>, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount, *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (cleaned up; emphasis added);

- the "legal certainty test has limited utility – in fact is inapplicable – a when the [state court] plaintiff has alleged <u>an indeterminate amount of damages</u>," and "[i]n removal practice, when a complaint does not allege <u>a specific amount of damages</u>, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount," *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up; emphasis added);

- "[w]hen a case is removed and the complaint does not allege <u>a specific amount of damages</u>, the defendant must prove by a preponderance of the evidence that the amount in controversy requirement is met," *H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 n.2 (5th Cir. 2000) (cleaned up; emphasis added);

- "[w]here the plaintiff fails to allege <u>a specific amount of damages</u>, this Court has prescribed a procedure for determining the amount in controversy: In removal practice, when a complaint does not allege <u>a specific amount of damages</u>, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount," *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (cleaned up; emphasis added);

- "[w]hen the plaintiff's complaint does not allege <u>a specific amount of damages</u>, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount, *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (cleaned up; emphasis added);

- "[t]he standard for determining the amount in controversy depends on whether [a state court plaintiff] demanded <u>a specific amount of damages</u> in her complaint," and, if a plaintiff "did not demand <u>a specific amount</u> [of damages in her state court complaint], the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional amount, *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (cleaned up; emphasis added); and

- where plaintiffs "did not plead <u>a sum certain for damages</u> in state court" the state court petition "is silent" as to the "<u>dollar amount of damages</u>," "the defendant must prove by a preponderance of the evidence that the

amount in controversy exceeds $75,000," *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (cleaned up; emphasis added).

The Fifth Circuit, then, has analyzed when a defendant can rely on the plaintiff's "sum demanded" in state court based on whether the plaintiff alleged "a specific amount of damages," "a dollar amount of damages," "a sum certain that exceeds the requisite amount in controversy," or "a sum certain for damages" – all of which count as "the sum demanded" – or the plaintiff has alleged "an indeterminate amount of damages" or "an unlimited or an unspecified amount of damages" – which does not count as "the sum demanded."

But the Fifth Circuit has not stated a rule one way or the other as to whether a determinate "range" of dollar amounts does or does not qualify as the required "sum demanded."

The Fifth Circuit has held that, for purposes of establishing the amount in controversy to support removal based on diversity jurisdiction, a plaintiff "did not demand a specific amount of damages in her" state court petition that alleged that "Plaintiff intends that discovery in this case shall be conducted under Level One as set forth in Tex. R. Civ. P. Rule 190.1. This suit involves only monetary relief totaling $50,000 or less, excluding court costs, prejudgment interest and attorney's fees." *Scarlott*, 771 F.3d at 888-89 (cleaned up). The Fifth Circuit explained that

> [t]his statement complies with Texas Rule of Civil Procedure 190.1, which requires a plaintiff to select a discovery plan in the first paragraph of his or her complaint. TEX. R. CIV. P. 190.1 ("A plaintiff

-14-

must allege in the first numbered paragraph of the original petition whether discovery is intended to be conducted under Level 1, 2, or 3 of this Rule."). The "Level 1" discovery plan, which [the plaintiff] selected, is available for certain "[e]xpedited [a]ctions and [d]ivorces [i]nvolving $50,000 or [l]ess." TEX. R. CIV. P. 190.2. Consistent with Rule 190.1, the leading paragraph of [the plaintiff's] complaint served to select the Level 1 discovery control plan, and her reference to "$50,000 or less" was included to recite the terms of that discovery plan. [The plaintiff] did not plead a specific amount of damages in the first paragraph, or any subsequent paragraph, of her complaint.

*Scarlott*, 771 F.3d at 889.

But, as noted above, in an earlier panel decision in *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) – even though, "strictly speaking, plaintiffs ha[d] not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000" – the Fifth Circuit

> treated a similar range – maxing out just below the jurisdictional limit – as a claim "for a specific amount of damages." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It regarded "such a complaint as more like a claim for one sum rather than a claim for an unlimited or an unspecified amount of damages; to reason otherwise would put form over substance." *Id.* And it did so despite a specific state rule, TEX. R. CIV. P. 47(b), that prohibited plaintiffs from asserting a specific amount of damages. *See id.* at 1412.

*Medina*, 458 F. Supp. 3d at 594.

And, in a later unpublished decision, a Fifth Circuit panel explained that, "[w]here a state court complaint alleges a damages amount, that number controls for purposes of determining whether the amount in controversy threshold is met when the case is removed to federal court." *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304,

309 (5th Cir. 2018) (cleaned up; citing *Allen*, 63 F.3d at 1335). And the panel explained that, "[i]n his state court petition, [the plaintiff] sought damages between $200,000 and $1,000,000, satisfying the amount in controversy requirement." *Id.* (That allegation was consistent with the version of Texas Rule of Civil Procedure 47(c)(4) in effect at that time, which provided for "monetary relief over $200,000 but not more than $1,000,000." TEX. R. CIV. P. 47(c)(4) (as amended effective March 1, 2013).)

Texas federal district judges, including in the Northern District of Texas, have reached differing conclusions as to whether a plaintiff's alleging one of the ranges under Rule 47(c) can be properly treated, under 28 U.S.C. § 1446(c)(2), as "the sum demanded in good faith in the initial pleading" and "be deemed to be the amount in controversy" that exceeds the jurisdictional amount and supports removal.

Some courts have explained that, in situations "where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." *Metz v. Amguard Ins. Co.*, No. 1:21-CV-74, 2021 WL 6773101, at *3 (E.D. Tex. Aug. 4, 2021); *Stout v. Allergan, Inc.*, No. 1:18-CV-441, 2018 WL 10380487, at *3 (E.D. Tex. Nov. 16, 2018); *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 718 (E.D. Tex. 2017); *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016).

Following that formulation of a rule, other courts have held that pleading a range under Rule 47(c) should be treated as alleging "a non-specific range of damages" and that the removing defendant "must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence." *Johnson v. Kroger Texas, L.P.*, No. 3:22-cv-2085-S, 2023 WL 3362611, at *3 (N.D. Tex. May 10, 2023); *see also Johnson v. Walmart, Inc.*, No. 3:23-cv-1566-L, 2024 WL 846257, at *2 (N.D. Tex. Feb. 27, 2024).

Other courts have similarly rejected removing defendants' assertions that a plaintiff's alleging that he seeks "monetary relief over $250,000 but not more than $1,000,000" was sufficient to show that the suit implicated more than $75,000 in damages. *See Harper v. Irving Club Acquisition Corp.*, No. 3:22-cv-1445-E, 2023 WL 5960758, at *2-*4 (N.D. Tex. Sept. 13, 2023); *Baker v. Fam. Dollar Stores of Tex., LLC*, No. 3:21-cv-1708-L, 2021 WL 3725923, at *4 (N.D. Tex. Aug. 23, 2021).

But other courts have held that a state court petition's allegation seeking damages under one of the Rule 47(c) ranges that, at all amounts in the range, exceeds the jurisdictional threshold amount "alone provided federal removal jurisdiction." *Torres v. Allstate Fire & Cas. Ins. Co.*, No. CV H-20-1720, 2020 WL 3077932, at *1 (S.D. Tex. June 10, 2020) (cleaned up); *accord Chapa v. Dolgencorp of Texas, Inc.*, No. 2:23-CV-00001, 2024 WL 1313258, at *3 (S.D. Tex. Mar. 25, 2024); *Smith v. Reyes*, No. 3:22-cv-2816-D, 2023 WL 8261303, at *1 & n.1 (N.D. Tex. Nov.

-17-

29, 2023); *White v. Kroger Texas, LP*, No. 4:23-CV-00585-P, 2023 WL 6390016, at *2 (N.D. Tex. Sept. 29, 2023); *McMinn v. Wal-Mart Stores Texas, LLC*, No. 4:22-CV-00374, 2023 WL 3712697, at *1 (S.D. Tex. May 8, 2023); *Taylor v. Dollar Tree Stores, Inc.*, No. 3:22-CV-0344-X, 2022 WL 17489184, at *1 (N.D. Tex. Dec. 6, 2022); *Mosely v. Doe #1*, No. 3:21-cv-2919-B, 2022 WL 1102867, at *3 n.5 (N.D. Tex. Apr. 13, 2022); *Regal Ctr. LLC v. Fid. Nat'l Title Ins. Co.*, No. 3:21-CV-2837-N, 2022 WL 22329274, at *1 n.1 (N.D. Tex. Apr. 6, 2022); *Dyer v. Cap. One Nat'l Ass'n*, No. 4:20-CV-4230, 2021 WL 3813367, at *3 (S.D. Tex. Aug. 23, 2021); *Caraway v. Mandella*, No. 3:21-cv-319-S, 2021 WL 3475564, at *2 (N.D. Tex. Aug. 6, 2021); *Gonzales v. Walgreen Co.*, No. SA-16-CV-129-XR, 2016 WL 1266964, at *2 (W.D. Tex. Mar. 31, 2016); *Novo Point, LLC v. Katz*, No. 3:14-cv-1552-L, 2015 WL 1134733, at *7 (N.D. Tex. Mar. 13, 2015).

While thoroughly analyzing this issue, another judge in Texas explained that it was, at that time, "not entirely clear whether pleading a range of damages in accord with [Texas Rule of Civil Procedure] 47(c) constitutes alleging a 'sum certain' and 'specific amount' of damages or an 'indeterminate amount' of damages." *Torres*, 2016 WL 11602002, at *3. The *Torres* court explained that,

> prior to 2013, complaints pled in accordance with Texas state law were automatically analyzed under the "indeterminate amount" standard because the Texas Rules of Civil Procedure ("TRCP") did not at that time permit plaintiffs to allege a specific amount of damages. That changed in March 2013, when the TRCP were amended to require plaintiffs to state in their complaint one of five ranges of damages

sought: (1) "only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees," (2) "monetary relief of $100,000 or less and non-monetary relief," (3) "monetary relief over $100,000 but not more than $200,000," (4) "monetary relief over $200,000 but not more than $1,000,000," or (5) "monetary relief over $1,000,000." TEX. R. CIV. P. 47(c)(1)–(5). As a result, the rule that complaints pled in accordance with Texas state law should automatically be analyzed under the standard for complaints alleging indeterminate amounts of damages is no longer applicable.

*Torres*, 2016 WL 11602002, at *3 (cleaned up).

And the *Torres* court explained that it could see "no reason why [a plaintiff's] seeking a range of damages, when the minimum amount sought is over $75,000, cannot be considered a 'specific amount' or a 'sum certain' in excess of the jurisdictional amount," where "[t]his approach would be in accord with the Fifth Circuit's description of the 'typical' diversity situation as involving an 'express allegation[ ] ... in which the plaintiff himself has placed the requisite jurisdictional amount in controversy by requesting damages in excess of the jurisdictional amount.'" *Id.* (quoting *De Aguilar*, 47 F.3d at 1409). And the *Torres* court noted that "[i]t is also the understanding with which a number of district courts in Texas appear to have treated pleading a range of damages." *Id.* (collecting cases).

But, according to the *Torres* court, "[i]n the alternative, if the range of damages sought by [a plaintiff] is an 'indeterminate amount' of damages, then it is facially apparent that the amount in controversy is in excess of $75,000." *Id.* at *4 (collecting cases).

The *Torres* court concluded that, "[a]ccordingly, it makes no difference whether the Court views 'over $100,000 but not more than $500,000' as a specific or indeterminate sum," because "[i]t is either a request for a specific amount of damages that exceeds $75,000 and which the Court presumes is controlling, or it is an indeterminate amount of damages from which it is facially apparent that [the plaintiff] seeks in excess of $75,000." *Id.*

This analysis is persuasive and comports with the governing law laid out above. In the Court's view, pleading "monetary relief over $250,000 but not more than $1,000,000" or "monetary relief over $1,000,000" under Texas Rule of Civil Procedure 47(c)(3) or 47(c)(4) falls on the right side of the long-standing distinction between, on the one hand, specific amounts of damages or sums certain demanded and, on the other, indeterminate or unlimited or unspecified amounts of damages. *Accord Mauldin*, 757 F. App'x at 309.

Those ranges are not a single specific sum or amount but, consistent with the analogous reasoning in *De Aguilar*, 47 F.3d at 1408, they should be treated as a specific amount of damages that is dispositive of the jurisdictional question under 28 U.S.C. § 1446(c)(2). A plaintiff's alleging either that she seeks between $250,000.01 and $999,999.99 or that she seeks no less than $1,000,000.01 is no less determinate as to whether she is claiming or putting at issue a sum or value that exceeds $75,000 than if she had pleaded that she seeks $75,000.01 in damages.

-20-

But, at the least, pointing to a plaintiff's pleading "monetary relief over $250,000 but not more than $1,000,000" or "monetary relief over $1,000,000" under Rule 47(c)(3) or 47(c)(4) is enough for a removing defendant to prove by a preponderance of the evidence that the amount-in-controversy requirement is met because it is facially apparent that the plaintiff seeks a sum or value that exceeds $75,000.

On the other hand, pleading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) is, for purposes of 28 U.S.C. § 1446(c)(2), an "indeterminate" or "unspecified amount of damages." That is because "an amount less than or equal to $250,000 could be greater than $75,000, or it could be less than $75,000." *Adame v. Bunton*, No. EP-22-CV-00464-DCG, 2022 WL 20158117, at *2 (W.D. Tex. Dec. 28, 2022). And, so, allegations of those ranges do not "constitute a specific sum demanded that is dispositive of the jurisdictional question." *Id.* (cleaned up).

And, for the same reason, neither does (without more) "seeking 'monetary relief of $250,000 or less' in accordance with [Texas Rule of Civil Procedure] 47(c)(1) [or Rule 47(c)(2)] ... make it facially apparent that the federal jurisdictional amount in controversy is satisfied." *Id.* (cleaned up). A state court petition's pleading the Rule 47(c)(1) or Rule 47(c)(2) range "does not make clear, on its face, that it is seeking more than $75,000, only that it seeks less than $250,000." *Alcala v. Allstate*

*Vehicle & Prop. Ins. Co.*, No. 1:22-CV-95, 2022 WL 4239223, at *3 (S.D. Tex. Aug. 30, 2022), *rep. & rec. adopted*, 2022 WL 4239353 (S.D. Tex. Sept. 14, 2022); *accord Garza v. Palomar Specialty Ins. Co.*, No. 7:21-CV-00414, 2021 WL 6425093, at *2 (S.D. Tex. Dec. 1, 2021).

If a plaintiff is "seeking less than $75,000 in monetary damages in [a] case, she [can] easily compl[y] with the Texas rules by stating that she [is] seeking monetary relief of $250,000 or less." *Kraemer v. RCLoft, LLC*, No. 3:22-CV-00157, 2022 WL 4588413, at *2 n.2 (S.D. Tex. Sept. 29, 2022), *rep. & rec. adopted*, 2022 WL 17540272 (S.D. Tex. Dec. 8, 2022). And, so, as another court has observed, "[a]n allegation that a party is seeking monetary relief of [$250,000] or less is not tantamount to a claim that the party is seeking at least $75,000, exclusive of interest and costs." *Parent v. Allstate Fire & Cas. Co.*, No. 4:22-CV-02756, 2022 WL 17250176, at *2 n.1 (S.D. Tex. Nov. 28, 2022) (cleaned up).

## IV.   Allstate Has Not Sufficiently Established the Amount in Controversy

Here, Vo alleged in Plaintiff's Original Petition that Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff' damages. It is too early in the case to assess the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. However, Rule 47 of the Texas Rules of Civil Procedure requires Plaintiff to provide statement regarding the amount of monetary relief sought.

Accordingly, Plaintiffs seek only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." Dkt. No. 1-5 at 2.

And Allstate alleged in its Notice of Removal that "[t]his Court has diversity jurisdiction under 28 U.S.C. § 1332(a)" because Vo alleged in his Original Petition that he "is seeking damages of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." Dkt. No. 1 at 2-3.

But, as the Court explained above, Vo's pleading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) does not constitute a specific sum demanded that is dispositive of the jurisdictional question under 28 U.S.C. § 1446(c)(2) and does not make it facially apparent that the jurisdictional threshold for the amount in controversy is satisfied to support diversity jurisdiction over this removed action.

## Conclusion

Allstate may, under 28 U.S.C. § 1653, amend its original Notice of Removal, where a defect in the original Notice of Removal is in the nature of a failure to state the basis for subject-matter jurisdiction and where the existence of diversity jurisdiction at the time of removal was not questioned by the parties. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991). Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or

appellate courts." 28 U.S.C. § 1653.

The circumstances here do not implicate "[t]he danger against which a court must guard, [which] is that a party will attempt to use [28 U.S.C.] § 1653 to retroactively create subject matter jurisdiction" by making amendments to add claims, causes of actions, or parties to "create jurisdiction where it did not previously exist." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). Put another way, the Court can, under Section 1653, permit a party to "remedy inadequate jurisdictional allegations" but not "defective jurisdictional facts." *Id.* (cleaned up).

The Court will afford Defendant Allstate Fire and Casualty Insurance Company an opportunity to, by no later than **August 28, 2024**, file an Amended Notice of Removal to cure this jurisdictional defect, consistent with the governing law outlined above.

Failure to adequately allege diversity jurisdiction will result in an order of remand to state court under 28 U.S.C. § 1447(c) without further notice.

SO ORDERED.

DATED: August 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-24-